# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY FREDERICK,

        Plaintiff,        Case No.
                                         Honorable:

vs.

ALLOR MANUFACTURING, INC., a
Michigan corporation,

        Defendant.
_____

ROBERT M. SOSIN (P35414)
DANIEL NOVECK (P28087)
Alspector, Sosin & Noveck, PLLC
Attorneys for Plaintiff
30100 Telegraph Road, Ste. 360
Bingham Farms, MI 48025
(248) 642-3200
robert@asnlaw.com
daniel@asnlaw.com
_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### Complaint

Now comes the above-named Plaintiff, TIMOTHY FREDERICK, by his attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and for his Complaint against the above-named Defendant states as follows:

1. Plaintiff TIMOTHY FREDERICK ("Plaintiff") is, and at all times pertinent herein has been, a resident of the City of South Lyon, Oakland County, Michigan.

2. Defendant ALLOR MANUFACTURING, INC. ("Defendant") is, and at all times pertinent herein has been, a Michigan corporation, with its principal place of business and office of its registered agent located in the City of Brighton, Livingston County, Michigan.

3. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant pursuant to the Americans with Disability Act of 1990, as amended, 42 USC §12101, et seq. ("ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-5 [42 USC §12117], and pursuant to Michigan's Persons with Disabilities Civil Rights Act ("PDCRA"), as amended, MCL 37.1101, et seq.

4. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1331, 42 USC §12117 and 42 USC §2000e-5.

5. Plaintiff is a "person" within the meaning of the ADA and a "person with a disability" within the meaning of the PDCRA, and he was employed by Defendant – a covered entity under ADA and an employer under PDCRA – as a welder from about December 1987 through about April 2020, when Defendant

terminated Plaintiff because Plaintiff had self-quarantined to avoid exposure to the COVID-19 coronavirus (the "Virus").

6. On order of his physician, Plaintiff self-quarantined at home to avoid exposure to the Virus after Plaintiff's co-worker had been exposed to the Virus.

7. Plaintiff's physician had determined that the effects of the Virus would have been particularly dangerous to Plaintiff in light of Plaintiff's age (57 years old) and his compromised pulmonary/respiratory health from cigarette smoking and previous bouts of pneumonia.

8. Plaintiff advised both Defendant's Human Resources Manager and its Plant Manager of his need to avoid exposure to the Virus.

9. Plaintiff provided to Defendant two (2) doctor's notes regarding his need to self-quarantine. In addition, he called into work every day to notify Defendant, and even suggested to Defendant that he use his vacation time to quarantine.

10. Nevertheless, shortly after Plaintiff indicated to Defendant's Human Resources Manager and its Plant Manager his need to avoid exposure to the possibly infected co-worker and Plaintiff's ability to return to work shortly without restrictions, Defendant terminated him for the pretext of excessive absenteeism.

11. Plaintiff timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC").

12. On August 26, 2020, Plaintiff received a "right-to-sue" letter from the EEOC, and now timely files the instant lawsuit.

13. At all times pertinent herein, Plaintiff was capable, after returning to from self-quarantine, from performing the essential functions of his job as a conveyor chain specialist with Defendant, with or without reasonable accommodation.

14. Defendant previously had evaluated Plaintiff as an employee "who gets the job done."

15. At all times pertinent herein, Defendant, its agents, servants and employees owed Plaintiff a duty to observe the statutes of the United States and the State of Michigan, including but not limited to the ADA and the PDCRA, applicable local ordinances, the common law and the contractual obligations and undertakings of the parties, Plaintiff having performed all things to be performed thereunder.

16. However, Defendant, its agents, servants and employees breached and disregarded their duties owing to Plaintiff in various ways and manners including but not limited to the following: by refusing to let Plaintiff self-quarantine on doctor's orders to avoid exposure to the Virus; by terminating Plaintiff's employment for self-quarantining on doctor's orders; by discriminating against Plaintiff on the basis of his disability in violation of the ADA and PDCRA; by

wrongfully making Plaintiff's disability a difference in Defendant's decision to terminate Plaintiff's employment; by refusing to reasonably accommodate Plaintiff's disability; by refusing to reasonably accommodate Plaintiff's disability with a short quarantine at home; by refusing to reasonably accommodate Plaintiff's disability with appropriate time to heal; by retaliating against Plaintiff for requesting such accommodation(s); by making decisions with respect to Plaintiff's continued employment and/or accommodations in favor of non-disabled employees; by wrongfully and without justification retaliating against Plaintiff based on his disability; by limiting and/or classifying Plaintiff based on his disability in a way that deprived or tended to deprive him or otherwise adversely affected the status of his employment; by discriminating against Plaintiff with respect to his employment, compensation, term of employment, condition of employment and/or privilege of employment because of his disability; by treating Plaintiff differently (worse) than similarly-situated non-disabled employees; by discriminating against Plaintiff on the basis of his disability intentionally and with reckless indifference to Plaintiff's rights and sensibilities; and by otherwise failing to adhere to Defendant's legal and contractual duties and obligations owing to Plaintiff herein.

  17. As a direct, natural and proximate result of one or more of the afore-mentioned acts and omissions of Defendant, its respective agents, servants and

employees, either singly or in combination with each other, Plaintiff was caused to suffer serious injuries, losses, and damages and likely will be caused to suffer in the future; and Plaintiff was caused to lose and be deprived of his employment with Defendant and thereby lose the benefit, use and enjoyment of the income and other benefits, both economic and non-economic, derived from such employment and he will suffer such losses in the future; and Plaintiff has suffered and will suffer in the future, great embarrassment, humiliation, mortification, mental anguish, mental and emotional suffering, anxiety, worry and discomfort; and Plaintiff has been deprived of and in the future will be deprived of, many of the pleasures and comforts of life; and Plaintiff has been caused to expend and incur and in the future will be required to expend and incur, great cost, expense, inconvenience, anguish, anxiety and time endeavoring to obtain employment comparable to that which he had with Defendant; and Plaintiff has suffered loss and impairment of his reputation and he has suffered loss of earnings and earnings ability and capacity as a result of the wrongful acts and omissions of Defendant here, and he may so suffer such losses in the future; and Plaintiff has been caused to expend and incur, and in the future likely will so expend and incur, substantial sums of money and time on attorney fees and costs in an effort to enforce his rights pursuant to the ADA and/or PDCRA; and Plaintiff otherwise has suffered great injuries and damages as a result of the wrongful conduct of Defendant.

WHEREFORE, Plaintiff requests judgment against Defendant in a sum greatly in excess of $500,000.00, together with interest, costs and attorney fees pursuant to the ADA and PDCRA.

                Respectfully submitted,

                ALSPECTOR, SOSIN & NOVECK, PLLC

Dated: October 16, 2020      /s/ Robert M. Sosin
                ROBERT M. SOSIN (P35414)
                DANIEL NOVECK (P28087)
                Attorneys for Plaintiff

<u>Demand for Jury Trial</u>

Now comes the above-named Plaintiff TIMOTHY FREDERICK, by his attorneys, ALSPECTOR SOSIN & NOVECK, PLLC, and demands a trial by jury in the above-entitled action.

                Respectfully submitted,

                ALSPECTOR, SOSIN & NOVECK, PLLC

Dated: October 16, 2020      /s/ Robert M. Sosin
                ROBERT M. SOSIN (P35414)
                DANIEL NOVECK (P28087)
                Attorneys for Plaintiff